[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10827
_____

D.C. Docket No. 9:11-cv-81393-KLR

MELISSA R. BLOOM,

Plaintiff-Appellant,

versus

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2014)

Before ANDERSON, Circuit Judge, and MOODY,* and SCHLESINGER,**
District Judges.

---

* Honorable James S. Moody, Jr., United States District Judge for the Middle District of
Florida, sitting by designation.

** Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument in this case, and have carefully considered the briefs and relevant parts of the record.  We conclude that the judgment of the district court should be affirmed.  We conclude that there is very substantial evidence supporting the decision reached by the administrator; we conclude that the decision was not wrong.   Moreover, even if there were some doubt in that regard – and there is not – we are even more confident that the decision of the administrator is neither arbitrary nor capricious, even taking into consideration the administrator's conflict of interest.  We address in turn several of the plaintiff-appellant's arguments.

Notwithstanding the relatively brief, two-day span of the surveillance video, we conclude that it is substantial evidence in support of the administrator's decision.  The mere fact that plaintiff did not suffer a seizure during that two-day period is not clearly inconsistent with her testimony that she had frequent seizures.  However, the fact that she drove an automobile approximately 90 miles during that two-day period is significantly inconsistent with her account of her condition and that of the opinion of her treating physician, which seems to have been based upon her self-reported symptoms.   Both the law of Florida and common sense indicate that a person experiencing frequent seizures could not safely drive an automobile.  Plaintiff's assertion that she experiences an "aura" shortly before seizures is not

2

sufficient to eliminate, or even significantly diminish, the safety concern. Indeed, her treating physician opined that her seizures were unpredictable. Far from being arbitrary and capricious or unreasonable, the administrator's reliance upon this undisputed evidence of plaintiff's driving as being significantly inconsistent with her account of her condition is eminently reasonable.

Similarly, we conclude that the administrator was entirely reasonable in relying upon the opinions of Dr. Grossman and Dr. Engstrand, and in discounting the opinion of the treating physician, Dr. Schiftan. Both Dr. Grossman and Dr. Engstrand were of the opinion that Dr. Schiftan's report was based merely upon plaintiff's self-reported symptoms. Dr. Grossman conducted an examination of plaintiff himself. And both Dr. Grossman and Dr. Engstrand relied upon a variety of tests. Because the tests were normal and showed no evidence of a seizure disorder, because the doctors expected that such tests would have reflected a disabling seizure disorder as plaintiff self-reported, and because there was no other objective evidence of a disabling seizure disorder, both doctors disagreed with Dr. Schiftan's opinion that plaintiff suffered from a disabling seizure disorder.

Plaintiff also complains on appeal that the administrator did not sua sponte seek out the location of and consider the ambulatory EEG which Dr. Schiftan mentioned for the first time in his letter supporting plaintiff's appeal from the initial denial of benefits. Although it is true that the administrator acts in a

3

fiduciary capacity, the case law in this Circuit clearly establishes that the plaintiff has the burden of proving her claim for disability benefits.  However, we can assume arguendo that, under other circumstances, an administrator may well have a fiduciary duty to seek out the location of and consider omitted documents referred to in the record where it is apparent that the document would provide significant support for the claimant's claim. Even given that assumption, we cannot conclude that the administrator here had any such duty.

Dr. Schiftan referred to the document here only in passing, and, with respect to it, said only: "In addition, her ambulatory EEG was abnormal." He gave no details at all, gave no indication that it provided any significant support for a disabling seizure disorder, and mentioned it only as an afterthought.  Furthermore, plaintiff did not call the document to the attention of the administrator during the administrative proceedings.  And even in the district court, when the plaintiff's attorney moved to add the document as a supplement to the record, it was accompanied by no medical opinion with respect to the significance of the document.

If we accepted plaintiff's invitation to vacate and remand for further evidentiary development, we would simply be giving plaintiff a second bite on the basis of mere speculation that it might  provide support for her claim. Under the circumstances of this case – where the record provides no support at all for such

4

speculation, but rather provides strong support for the administrator's decision – we decline plaintiff's invitation to remand for a second bite at the apple.[1]

Finally, plaintiff argues that the administrator's failure to comply with its own claims manual is evidence that its benefit decision was arbitrary and capricious. We can assume arguendo, but need not decide, that departures from an administrator's established claims procedures in some circumstances can constitute relevant evidence. However, our careful review leads us to agree with the district court that deviations in this case, if indeed there were any at all, were de minimis. The record provides no support at all that the fullness and fairness of the process or the decision itself were adversely affected.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[1]    Moreover, the administrator did undertake considerable effort to further investigate plaintiff's claim after receiving plaintiff's appeal from the initial denial, and after receiving Dr. Schiftan's accompanying letter which mentioned the ambulatory EEG for the first time. The administrator turned over the entire record, including Dr. Schiftan's most recent letter, to Dr. Engstrand, M.D., Board Certified in Neurology. Dr. Engstrand made repeated attempts to consult with Dr. Schiftan, who did not return telephone calls. In Dr. Engstrand's opinion, the record revealed no objective evidence of significant seizure activity. For all these reasons, plaintiff's reliance upon Gaither v. Aetna Life Insurance Co., 394 F.3d 792 (10th Cir. 2004), is misplaced. Even if the rationale of Gaither reflected the applicable law in this Circuit – an issue about which we have doubt, but which we need not decide – the record in this case does not satisfy the requirements that the Tenth Circuit suggested might justify such a remand for further evidentiary development. This is even more obvious with respect to the non-existent neuropsychological testing which the plaintiff seeks on appeal.